SMITH v. EASON.

5-434                                    268 S. W. 2d 389

Opinion delivered May 31, 1954.

*Irving R. Kitts,* for appellant.

*Jameson & Jameson,* for appellee.

J. SEABORN HOLT, J. This appeal is from a decree of September 23, 1953, granting appellees' prayer to cancel a note, and chattel mortgage of even date (on certain cattle) securing same, on the ground of usury. The note was for the principal sum of $1,500.00, carrying the maximum interest rate of 10%, and provided: "For value received, we or either of us promise to pay to the order of Virgil G. Smith the sum of Fifteen Hundred Dollars ($1,500.00) at the rate of $62.50 per month in twenty-four (24) monthly payments to be made beginning November 15, 1952, and the fifteenth of each month thereafter.

"Interest shall also be paid with each monthly payment at the rate of ten percentum (%) per annum, on the reducing balance method, to cover interest for each preceding month on unpaid balance of principal.

"First monthly interest payment shall be $12.50 reducing each month thereafter so that last or 24th monthly interest payment shall be 52¢ in accordance with attached pencil schedule of monthly interest and principal payments in full."

When the above instruments were delivered to Smith, he gave appellees only $1,450.00. He claimed that he retained $42.00 of the principal sum for certain expenses and charges that he, as the lender, had incurred in bor-

rowing or procuring from his former wife, Floy Smith, the $1,500.00 to loan appellees, borrowers. He itemized $42.00 of the $50.00 in this manner:

"(1)   Abstract expenses in bringing up abstract on Defendant's (Smith's) land which was to be mortgaged to Floy Smith to induce Floy Smith to loan the defendant the money defendant expected to loan to plaintiffs...............................$10.50

"(2)   Examination of abstract on defendant's land by the attorney for Floy Smith ......................................................................... 15.00

"(3)   Legal expenses for legal advice, preparing note and mortgage, etc...................... 15.00

"(4)   Recording and notary fee................................ 1.50

$42.00"

As to the remaining $8.00, defendant testified that he withheld $7.91 of said amount as interest, from September 27th, 1952, (the date he had the money ready) to October 14, 1952 (the latter date being the date plaintiffs signed the note and mortgage and received $1,450.00.

It will be observed that all of the above expense items were incurred in connection with the transaction that Smith had with his former wife to procure the money to loan appellees, by mortgaging certain of his real estate to Floy Smith. These expense charges were obviously not for the benefit of appellees, as borrowers, from Smith, the lender. The Easons were giving a mortgage on cattle (not real estate) for security to Smith, the lender, and they could not be charged with expense items incurred by Smith which did not benefit them, borrowers.

A contract to pay directly or indirectly a greater rate of interest than 10% for the loan of money would make the contract absolutely void as to principal and interest. "All contracts for a greater rate of interest than ten per centum per annum shall be void, as to principal and interest, and the General Assembly shall prohibit the same

by law." Article XIX, § 13, Constitution of the State of Arkansas.

Section 68-602, Ark. Stats., 1947, provides: "The parties to any contract, whether the same be under seal or not, may agree in writing for the payment of interest not exceeding ten (10) per centum per annum on money due or to become due," and § 68-603 provides: "No person or corporation shall, directly or indirectly, take or receive in money, goods, things in action, or any other valuable thing, any greater sum or value for the loan or forbearance of money or goods, things in action, or any other valuable thing, than is in section one (§ 68-602) of this act prescribed."

We have held in many cases that the borrowers (Easons here) may properly contract to pay the lender over and above the lawful and maximum 10% interest rate for certain valid and reasonable charges, paid to a third party, and incurred for the borrowers' benefit in procuring the loan, such as for "an abstract paid to a third person, or (2) a title opinion paid a lawyer, or (3) recording fees paid an official, or (4) insurance premiums paid a third party," *Winston v. Personal Finance Company of Pine Bluff, Inc.*, 220 Ark. 580, 249 S. W. 2d 315, but not where such charges, as here, were for the benefit of the lender, Smith. We have held that where the borrower contracts to pay the maximum interest rate and in addition agrees to pay a commission to the lender's agent for procuring the loan, the contract thereby becomes usurious and void. We so held in *Dickey v. Phoenix Finance Company*, 193 Ark. 1145 (Headnote 2) 104 S. W. 2d 806: "A borrower may pay a fee or bonus to his agent who procures a loan for him; but if the agent is acting as the agent of the lender, and the bonus received, together with the interest charged, exceeds the lawful rate of interest, the contract will be void." See also *Jones v. Phillippe*, 135 Ark. 578, 206 S. W. 40.

The principles of law announced in the above cases by analogy apply with equal force here.

Affirmed.