ALTSCHUL v. MARTIN.

5-1263                                          301 S. W. 2d 571

Opinion delivered May 6, 1957.

*Brockman & Brockman,* for appellant.

*Pat H. Mullis* and *Lloyd B. McCain,* for appellee.

GEORGE ROSE SMITH, J.   This is an action by the appellee, who does business as Martin Chevrolet Company, to collect $428.49 assertedly due upon a conditional sales contract by which Martin sold a used truck to the two appellants, Altschul and Rose.   The defense is a plea of usury.   In appealing from a judgment for the plaintiff the appellants contend that the contract was usurious as a matter of law and that the court's instructions to the jury were erroneous.

The testimony of the three litigants is substantially in agreement.   Rose originally owned the truck in question and wanted to sell it for $900 to Altschul, who was a laborer on Rose's farm.   Rose sought Martin's assistance in arranging a credit sale so that Altschul could pay for the truck by working for Rose.   Martin at first refused to take part in the transaction, but he finally agreed to an arrangement by which he was to be paid $100 for his trouble.   He explained that he could not transfer the contract to General Motors Acceptance Corporation, the finance company with which he did

business, unless he was the seller of the vehicle. To meet this difficulty it was agreed in substance that Rose would sell the truck to Martin and that Martin would re-sell it to Altschul. There is a dispute as to why Rose signed the conditional sales contract as a copurchaser with Altschul, but that point is immaterial.

There was no concealment of the facts from Altschul, who understood that he was to pay Rose $900 for the truck and Martin $100 for his services. The two sales were completed at the same time, on April 6, 1955. Martin first handed Rose a check for $900, representing the purchase price that Martin was paying to Rose for the truck. Rose in turn gave Martin a check for $600, which was understood to be a loan to Altschul which the latter was to repay by working for Rose. This $600 was credit-ed as a down payment of $500 to Martin as seller, with the other $100 being Martin's profit.

A conditional sales contract was prepared, by which Martin sold the truck to Altschul and Rose for a cash price of $900. The purchasers were credited with the down payment of $500, leaving a balance of $400 to be paid on December 6, 1955, together with an insurance charge of $1.68 and an interest charge of $26.81. Mar-tin endorsed the contract, with recourse, to GMAC. When the purchasers failed to make the payment of $428.49 that was due on December 6 Martin paid that amount to GMAC and brought the present suit upon the contract.

It is contended by the appellants that the contract is usurious even if the $100 payment to Martin is dis-regarded. We do not agree with this argument. The seller was legally entitled to charge interest at the rate of ten percent per annum on $401.68 from April 6 to December 6. Excluding the first day but not the last, this is a period of 244 days. The maximum legal in-terest would therefore be $26.85 (244/365ths of 10% of $401.68). The interest charge was actually $26.81; so the legal rate was not exceeded if the contract is con-

sidered without reference to the $100 payment to Martin.

The testimony as a whole presents several possible issues of fact as to the exact legal nature of the $100 payment. According to some of the statements in the record, this money was paid to Martin for his services in arranging to have the unpaid balance financed by GMAC. In this view Martin was a loan broker or intermediary between the borrowers and the lender. It is settled by our decisions that if such a broker is the borrower's agent his fee is not treated as interest on the loan, but the rule is otherwise if the broker is the lender's agent. *Jones* v. *Phillippe,* 135 Ark. 578, 206 S. W. 40; *Smith* v. *Eason,* 223 Ark. 747, 268 S. W. 2d 389. The decisive question is that of agency.

This is actually the only question of fact that was submitted to the jury. At the plaintiff's request the court gave an instruction to the effect that if Martin acted as the agent of Rose in the transaction the verdict should be for the plaintiff. The court quite properly gave on its motion a companion instruction to the effect that if Martin acted as the agent of GMAC and not of Rose the verdict should be for the defendants. We do not think that these instructions were inherently erroneous as being in conflict with each other or as disregarding the defense of usury. Both instructions were directed to that defense, and together they submitted the issue of the presence or absence of usury. If the defendants thought that the wording of the charge could be improved it was their duty to make a specific objection.

Other possible questions of fact were not submitted to the jury and, with the evidence open to several interpretations, cannot be decided by this court on appeal. It is of course true that if Martin received $100 merely for lending money to Altschul and Rose the loan would be void for usury. But this is not the only inference to be drawn from the evidence; the payment might have been for his services as a broker or might have been

part of the purchase price in a *bona fide* sale of the truck. Such issues are not before us for review in the absence of a request at the trial for correct instructions on the subject. The defendants' requested instruction number 9 was not correct, for it would have told the jury in effect that the $100 payment to Martin rendered the transaction usurious as a matter of law.

Affirmed.