Jimmie HOLT et ux *v.* P. C. MINOR et ux

5-4539                                   426 S. W. 2d 163

Opinion delivered April 1, 1968

*James E. Evans,* for appellants.

*Joe B. Reed* and *Charles E. Davis,* for appellees.

Lyle Brown, Justice. P. C. and Eva Minor sued Jimmie and Maxine Holt to recover judgment on a note in the principal sum of $1400. The defendants countered with an allegation of usury. The jury awarded Mr. and Mrs. Minor judgment for $1400 and the Holts appeal. Six points are raised for reversal. We shall treat only the issue of usury because that issue resolves the lawsuit.

We summarize the essential facts in the light most favorable to the lenders. P. C. Minor had charge of a house in Springdale owned by Mrs. Ryan. She gave Minor the authority to rent the house and generally look after it until it might be sold. Minor obtained as tenants these appellants, Jimmie and Maxine Holt. The tenants became interested in buying the property. In negotiating with Mrs. Ryan they reached an agreement that she

would accept $1400 for her equity. The Holts were unable to raise the money through regular credit channels. Minor agreed to advance the $1400. Minor borrowed $1400 from the First State Bank of Springdale and executed his note, due in 360 days, and bearing interest at the rate of six per cent per annum.

On the same day Jimmie and Maxine Holt executed two notes in favor of P. C. and Eva Minor. One of the notes was for $1400. Minor gave Holt a check for that amount. Mrs. Minor testified that although that note called for ten per cent interest, the Minors had no intention of collecting interest unless the note became delinquent. The other note was for the principal sum of $220 (it is apparently conceded that the note should have been for $224). Mr. Minor testified that the amount of that note was arrived at in this manner: he charged $140 for his services in raising the needed funds; and the balance of $84 was added to cover the interest that Minor would be obliged to pay on his note at the First State Bank of Springdale. Holt liquidated the smaller note by direct payments to Minor.

Accepting the recited testimony of the Minors at face value, it is readily perceived that the Holt-to-Minor loan called for a charge well in excess of ten per cent per annum. We hasten to point out that P. C. Minor was clearly a lender, as opposed to an agent of the Holts. He cannot be classified as one employed by the Holts to negotiate a loan for them. It was his proposal to lend them the money and take as security for that loan two notes made payable to P. C. or Eva Minor. The manner in which he chose to obtain the funds was of no particular concern to the borrowers. In fact, it was not necessary that he borrow the money from the bank; the Minors owned a certificate of deposit in the principal amount of $4300. Instead of cashing that certificate, Minor used it as collateral to borrow the $1400. In that manner his certificate continued to draw interest and the Holts were supplying the money to pay the interest on the capital Minor used to make his loan to the Holts.

The situation here is not unlike the practice condemned by our court in *Smith* v. *Eason*, 223 Ark. 747, 268 S. W. 2d 389 (1954). There the lender, Smith, withheld from the loan funds $42 which he incurred in borrowing the money to be advanced to Eason. This court said those expenses were obviously not for the benefit of Eason and therefore were not legitimate charges.

It is common knowledge that most lending institutions operate on borrowed capital, or on money on deposit which draws interest. If such an institution charged one of its borrowers four per cent which the money cost the institution and added seven per cent for itself, usury would certainly have to be conceded. That is the very practice which Minor invoked. He charged the Holts ten per cent ($140) on his loan to the Holts, and added six per cent ($84) to cover his cost of raising the capital.

Reversed and dismissed.